

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

LEO L. PAYNE,

    Petitioner,

v.                                                                    Civil Action No. **3:09CV25**

UNKNOWN,

    Respondent.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

> The Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).
>
> "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v.*

*Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Allegations and Analysis

The sum of Payne's allegations are as follows:

> JAMES R. SPENCER, CHIEF U.S. DISTRICT JUDGE.,
> THE U.S. DISTRICT COURT HAVE ORIGINAL JURISDICTION OF ANY ACTION IN THE NATURE OF MANDAMUS TO COMPEL AN OFFICER OR EMPLOYEE OF THE U.S. TO PERFORM A DUTY OWED TO THE PETITIONER. 28 U.S.C.A. § 1361.
> SEE ATTACHED PER CURIAM OPINION AND REPLY CONCERNING APPLICATION FOR IN FORMA PAUPERIS.
> THE DISTRICT COURT SHOULD ACT EXPEDITIOUSLY TO THE JUDICIAL CODE AND RULES OF PROCEDURE IN THE FEDERAL COURT.

(Petition for a Writ of Mandamus.) The referenced opinion from the United States Court of Appeals for the Fourth Circuit denies a petition for writ of mandamus wherein Payne demanded an expeditious hearing on his 28 U.S.C. § 2254 petition that was pending before this District Court. *In re Payne*, No. 08-1539 (4th Cir. July 1, 2008). On August 15, 2008, this District Court dismissed without prejudice Payne's 28 U.S.C. § 2254 petition because he had failed to exhaust his state court remedies. *See Payne v. Johnson*, No. 3:07cv00614 (E.D. Va. Aug. 15, 2008). Petitioner did not appeal.

Mandamus relief is available only when: "(1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available." *In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988) (citing cases). Further, mandamus is a drastic remedy and should only be used in extraordinary circumstances. *Kerr v. U.S. Dist. Court of N.D. of Cal.*, 426 U.S. 394, 402 (1976); *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). Petitioner's vague allegations are insufficient to demonstrate the entitlement to any mandamus relief. To the extent that Petitioner seeks an expeditious resolution of his prior federal petition for a writ of habeas corpus, he already has received such a resolution. Accordingly, it is RECOMMENDED that Petitioner's request for mandamus relief be dismissed as legally frivolous and for failure to state a claim upon which relief could be granted.

(June 15, 2009 Report and Recommendation.) The Court advised Petitioner that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. Petitioner filed objections.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. PETITIONER'S OBJECTIONS

In his objections, Petitioner utterly fails to explain why he is entitled to mandamus relief. Accordingly, Petitioner's objections will be OVERRULED. The Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 11-4-09
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge